IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

Roy C. Burton,
Petitioner,
vs.
South Carolina Department of Corrections; and Henry McMaster, Attorney General of South Carolina,
Respondents.

Civil Action No. 8:05-0358-MBS-BHH

**REPORT OF MAGISTRATE JUDGE**

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY AND FACTS PRESENTED**

***Conviction and Direct Appeal***

The record reveals that the petitioner is currently incarcerated in theAllendale Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Pickens County. The petitioner was indicted at the November, 1996 term of the Court of General Sessions for three charges of malicious injury to property, one charge of possession of stolen goods, and one charge of discharging a firearm into a dwelling. The petitioner was also indicted by the Pickens County Grand Jury at the July 1997 term for grand larceny. At the March, 1997 term of the Pickens

County Grand Jury, the petitioner was indicted for first degree burglary and discharging a firearm into a dwelling place.

The petitioner was represented at the trial level by Grady Jordan, Esquire. On September 3, 1997, the petitioner appeared before the Honorable Henry F. Floyd and entered a guilty plea on all the charges. He was sentenced to terms of seventeen (17) years for the burglary charge, ten (10) years each for the discharging the firearm charges, ten (10) years for the grand larceny charge, one (1) year on each of the malicious injury to personal property charges, and one (1) year for the possession of stolen property charges. The petitioner did not file a direct appeal from his convictions and sentences.

***State Post-conviction Proceedings***

The petitioner filed a *pro se* application for post-conviction relief ("PCR") on May 4, 2000, alleging the following grounds:

(a) Ineffective assistance of counsel. Failed to conduct an adequate investigation.

(b) Violation of state and U.S. Constitutional rights/ Due Process. I was coerced into giving a statement by John Harris/P.C.S.O.

(c) Cruel and unusual punishment. 85% was not imposed until 1-19-2000.

On September 27, 2000, the petitioner filed a *pro se* Motion for Writ of Mandamus with the South Carolina Supreme Court, in which he argued that his PCR proceeding was being excessively delayed, and that his action was not time-barred due to recently discovered evidence about his parole eligibility and the alleged actions of an informant. On October 18, 2000, the state supreme court dismissed the mandamus motion, finding that there was no grounds to entertain the matter in its original jurisdiction.

On February 7, 2001, the petitioner filed a *pro se* "Amendment to PCR Application", in which he sought to amend his pending PCR application as follows:

> Line 4(a). Should be explained that the Applicant is alleging newly discovered evidence pursuant to S.C. Code of Law §17-27-45(c), and this evidence was discovered on January 19, 2000, causing the one year limitation from that date.
>
> Line 10(d). Counsel was ineffective in that he advised the applicant that if he pled guilty he would not be sentenced under the 85% law, whereas in January 2000, his sentence was revised and his parole date was removed. This constituted a breach of trust. *See Turner v. State*, 517 S.E.2d 442 (SC 1999).
>
> Line 10(e). Applicant did not knowingly, voluntarily, or intelligently waive his constitutional rights against self-incrimination, the right to confront one's accusers. The natural and crucial elements of the offense, maximum or minimum penalty or any other constitutional right. The guilty plea that was advised by counsel was done so without a colloquy from either the court or counsel. Applicant at the time was illiterate and only mimicked what counsel told him to say. This violated applicant's due process constitutional rights, rendering his guilty plea not voluntarily, knowingly, and intelligently given. *See N.C. v. Alford*, 91 S.Ct. 160 (1970); *Boykin v. Alabama*, 89 S.C.t 1709 (1969); *Pittman v. State*, 524 S.E.2d 623 (SC 1999).
>
> Line 10(f). Counsel was ineffective in as much as he allowed applicant to plea guilty before his cousin, the presiding judge, This created a conflict of interest and harmed the applicant by being sentenced harshly.
>
> Line 18. For Line 10, sentence and plea, reversal and remanded.

On October 4, 2001, the state filed a return and motion to dismiss.

The petitioner was represented in the PCR proceeding by Larry Welborn, Esq. On April 29, 2002, the Honorable John C. Few issued an Order dismissing the application because it was not filed within the one year limitations period as set forth in S.C. Code Ann. §17-27-45(A).

On July 19, 2004, the petitioner filed another PCR application in state court. In this application, the petitioner made the following claims:

> (1) Ineffective assistance of counsel on prior Post-Conviction Relief action for failing to file notice of appeal from summary dismissal of the prior application.
>
> (2) Lack of subject matter jurisdiction to accept plea.

On September 17, 2004, the State filed a Return and a Motion to Dismiss. The petitioner filed a response on November 12, 2004.

The petitioner was represented in this second PCR proceeding by James P. O'Connell, Esq. On April 4, 2005, a hearing was held before the Honorable Larry Patterson. The petitioner testified, as did his mother. The State called the petitioner's attorney from the first PCR action, Larry Welborn. It appears from the record that this matter is still pending in state court[1].

***Federal Habeas Corpus Petition***

On February 8, 2005, the petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The four grounds for relief he raised in his petition are as follows:

> A. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
>
> Defendant pled guilty with the understanding he was to do 8 years and be eligible for parole. SCDC did have Defendant's max-out at 2/18/06 and parole date at 11/12/01. On January 19, 2000, SCDC unlawfully changed CDR-code to 85% non-parolable offense, which leaves a new max-out from SCDC on Feb. 08, 2012.
>
> B. Denial of effective assistance of counsel.

---

[1]In the memorandum in support of summary judgment filed by the respondents, the attorney for the respondents states that he has been advised that Judge Patterson took the matter under advisement to decide only whether the petitioner is entitled to a belated appeal of the first PCR order, pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991). According to counsel, Judge Patterson has not yet issued a ruling in the case (resp. mem. at 4).

> Appointed counsel failed to file appeal(s), motions for vindictive prosecution, and coerced Defendant to plead guilty under false pretenses. And failed to motion for credit for time served because defendant had already served 1 year proyer (sic) to court date on Sept. 3, 1997 which would put defendants max-out date to Feb. 1, 2005.
>
> 3. Denial of right of appeal.
>
> Twice, with two separate ineffective counsel, my right to appeal has been violated. Direct appeal at original trial (Sept. 3, 1997) and appeal to dismissal of PCR (April 29, 2002).

(Habeas Petition at 5-6.)

The respondents filed a motion for summary judgment on May 4, 2005, arguing that the petitioner's claims should be dismissed for failure to exhaust state remedies.

## LAW AND ANALYSIS

***Liberal Construction of Pro Se Complaint***

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

***Summary Judgment Standard of Review***

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

***Exhaustion***

Habeas relief may only be pursued in this court after the petitioner has exhausted his state court remedies, unless "there is an absence of a state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A) - (B). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In *Mallory v. Smith*, 27 F.3d 992, 994 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit declared that the habeas petitioner must "make more than a perfunctory jaunt through the state court

system." A petitioner is required to present fully and squarely to the state courts the same issues upon which he would rely in this Court.

The exhaustion requirements under §2254 were explained in more detail in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), *cert. denied*, *Matthews v. Moore*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Id.* at 910-911 (citations omitted from quotation).

In order to exhaust his or her claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§17-27-10 to 17-27-160. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. *Gibson v. State*, 495 S.E.2d 426,428 (S.C. 1998) (citing S.C. Code Ann. §17-27-20(a)(10, (b)); and *Simmons v. State,* 215 S.E.2d 883, 885 (S.C. 1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson*, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated, "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re*

*Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).

**DISCUSSION**

The petitioner's state PCR action on these claims is still pending. The hearing in state court was held only seven months ago. If Judge Patterson finds that the petitioner is entitled to a belated appeal of his first PCR, the petitioner could potentially obtain a reversal of the first PCR claim, which was reversed on a statute of limitations ground, and then receive a full merits PCR hearing at which he could raise his claims. Moreover, even if Judge Patterson were to rule against the petitioner, finding that he is not entitled to a belated appeal, the petitioner could still appeal that ruling to the state court of appeals or supreme court. *See Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991).

The petitioner claims that "the state has proven there is an absence of State corrective process and circumstances exist that render such process ineffective to protect the rights of the Petitioner" (pet. objection at 1). 28 U.S.C. § 2254 (b)(1)(B)(ii). The precise basis of this argument is unclear, but the petitioner appears to be arguing that there has been an inordinate delay in the state process which renders it ineffective. The Fourth Circuit has held that "undue delay in processing an appeal may rise to the level of a due process violation." *United States v. Johnson*, 732 F,2d 379, 381 (4th Cir. 1984); *see also Ward v. Freeman*, No, 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (holding that fifteen year delay rendered petitioner's state remedies ineffective and negated exhaustion requirement)(unpublished); *Mathis v. Hood*, 851 F.2d 612, 612-13 (2d Cir. 1988)(holding five and one-half year delay rendered state remedies ineffective); *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)(holding thirty-three month delay rendered state remedy ineffective). If a court concludes that a delay has rendered state process ineffective, it could proceed to the merits of an applicant's claims.

The fact that the state court has not ruled on the petitioner's PCR claim for seven months does not justify excusing him from the exhaustion requirement. For this court to entertain the petitioner's petition when his state action is still pending would obviously interfere with an ongoing state court proceeding in which the petitioner might yet obtain the relief he seeks. A federal district court will not interfere in ongoing state court proceedings, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

As the petitioner's state PCR application is still pending, and he has the right to appeal the circuit court's determination, he has clearly failed to exhaust available state remedies. The petitioner's quest for federal *habeas corpus* relief is clearly premature.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted and the habeas petition be dismissed without prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 15, 2005
Greenville, South Carolina

